# *EXHIBIT B*

CASE 14-C-1          Doddridge                    PAGE 0001

CHARLES P. HEASTER          VS. EQT PRODUCTION COMPANY


LINE   DATE    ACTION

    1 01/17/14   FILED CASE INFORMATION STATEMENT
    2 01/17/14   FILED ORIGINAL COMPLAINT
    3 01/21/14   FILED ORIGINAL SUMMONS (QUINN FINANCIAL MANAGEMENT)
    4 01/27/14   FILED RETURN OF SERVICE ON QUINN FIN. (IP-1/25/14 CERTIFIED)
    5 01/30/14   FILED ACCEPTANCE OF SERVICE FOR EQT PRODUCTION COMPANY

I hereby certify that the annexed instrument is a true
and correct copy of the original on file in this office.
Attest: DWIGHT E. MOORE
Circuit Court Doddridge County of West Virginia

Dwight E. Moore
                    Clerk

## SUMMONS

## IN THE CIRCUIT COURT OF DODDRIDGE COUNTY, WEST VIRGINIA

CHARLES P. HEASTER and PATSY J. HEASTER,
husband and wife;
MICHAEL P. HEASTER and  KEIKO A. HEASTER,
husband and wife;
MICHAEL P. HEASTER, Jr., and
CLARENCE B. CONNER, and DAWN E. CONNER,
husband and wife,

DODDRIDGE COUNTY
CIRCUIT COURT

JAN 3 0 2014

DWIGHT E. MOORE
CIRCUIT CLERK

Plaintiffs,

v.                                                                    Civil Action No. 14-C-1

EQT PRODUCTION COMPANY,
a Pennsylvania corporation;
APPALACHIAN ROYALTIES, INC.,
a West Virginia corporation;
SARAH LYNN BAILEY,
MARYBELLE CROSS,
CHARLES J. HALL, JR.,
WILLIAM E. HALL,
THOMAS M. PAUL,
STEPHEN L. HALL,
SHERRI D. HALL GOODWIN,
BELINDA WENTZEL,
TERRI HYRE,
SUSAN J. CHILDERS,
MELISSA S. CROSS,
JAMES FELDMEIER,
JOHN FELDMEIER,
JOSEPH C. FELDMEIER,
MARY JANE O'BRIEN, individually and in
her capacity as trustee of THE ELLIS CHILDREN'S FUND,
JANE HARDIN, in her capacity as trustee of the
M. H. HOLLAND IRREVOCABLE TRUST,
SUSAN HAMBLET,
JUSTIN L. HENDERSON,
MARY ANN LYFORD,
ELINOR M. MAYER,
KATHY L. NEWBERRY,
THOMAS DAVIES,
in his capacity as trustee of THE JOHN R. DAVIES TRUST,
ROBERT S. RIELEY,
MARGARET DOWLING,
BRUCE P. HALL,
RICHARD M. HALL,
ROBERT D. HALL,
ANDREA T. HALL,
MARY FARR SECRIST,
KATHYRN M. SISLER,
MARY E. SUHEY, in her capacity

Page **1** of **2**

as trustee of the LMSKAS  TRUST,
MARY M. WELCH,
CHARLES WELLINGS, JR.,
and BETTY WELLINGS,

      Defendants

TO:   **EQT PRODUCTION COMPANY**
      c/o Ct Corporation System
      5400 D Big Tyler Road
      Charleston, WV, 25313

     IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon **William J. Leon**, Plaintiff's attorney, whose address is **1200 Dorsey Ave., Suite III, Morgantown, WV 26501**, an answer including any related counterclaim you may have to the complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. **You are required to serve your answer within 30 days after service of this summons upon you**, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated: __1/21__ , 2014.

                        CLERK OF CIRCUIT COURT
                        Dwight E. Moore
                By: _Alice Green_
                      Deputy Clerk

*Notice:  Any person involved in court proceedings who has a disability and needs a special accommodation should inform the court sufficiently in advance so that arrangements can be made.*

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2,     3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. 14·C·1 | A. Signature <br> _[signature]_ ☐ Agent ☐ Addressee <br> B. Received by ( Printed Name ) William J. Laurell  C. Date of Delivery 1-23-14 <br> D. Is delivery address different from item 1? ☐ Yes <br> If YES, enter delivery address below: ☐ No <br> DODDRIDGE COUNTY <br> CIRCUIT COURT <br> JAN 27 2014 <br> DWIGHT E. MOORE <br> CIRCUIT CLERK |
| 1. Article Addressed to: <br><br> Quinn Financial Management, LLC <br> 908 Duff Avenue <br> Clarksburg WV 26301 | 3. Service Type <br> ☐ Certified Mail ☐ Express Mail <br> ☐ Registered ☐ Return Receipt for Merchandise <br> ☐ Insured Mail ☐ C.O.D. <br> 4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number <br> (Transfer from service label) | 7010 1670 0001 1393 8913 |

PS Form 3811, February 2004          Domestic Return Receipt                    102595-02-M-1540

*SUMMONS*

## IN THE CIRCUIT COURT OF DODDRIDGE COUNTY, WEST VIRGINIA

CHARLES P. HEASTER and PATSY J. HEASTER,
husband and wife;
MICHAEL P. HEASTER and KEIKO A. HEASTER,
husband and wife;
MICHAEL P. HEASTER, Jr., and
CLARENCE B. CONNER, and DAWN E. CONNER,
husband and wife,

        Plaintiffs,

v.                                                                  Civil Action No. 14-C-1

EQT PRODUCTION COMPANY,
a Pennsylvania corporation;
APPALACHIAN ROYALTIES, INC.,
a West Virginia corporation;
SARAH LYNN BAILEY,
MARYBELLE CROSS,
CHARLES J. HALL, JR.,
WILLIAM E. HALL,
THOMAS M. PAUL,
STEPHEN L. HALL,
SHERRI D. HALL GOODWIN,
BELINDA WENTZEL,
TERRI HYRE,
SUSAN J. CHILDERS,
MELISSA S. CROSS,
JAMES FELDMEIER,
JOHN FELDMEIER,
JOSEPH C. FELDMEIER,
MARY JANE O'BRIEN, individually and in
her capacity as trustee of THE ELLIS CHILDREN'S FUND,
JANE HARDIN, in her capacity as trustee of the
M. H. HOLLAND IRREVOCABLE TRUST,
SUSAN HAMBLET,
JUSTIN L. HENDERSON,
MARY ANN LYFORD,
ELINOR M. MAYER,
KATHY L. NEWBERRY,
THOMAS DAVIES,
in his capacity as trustee of THE JOHN R. DAVIES TRUST,
ROBERT S. RIELEY,
MARGARET DOWLING,
BRUCE P. HALL,
RICHARD M. HALL,
ROBERT D. HALL,
ANDREA T. HALL,
MARY FARR SECRIST,
KATHYRN M. SISLER,
MARY E. SUHEY, in her capacity

3

as trustee of the LMSKAS TRUST,
MARY M. WELCH,
CHARLES WELLINGS, JR.,
and BETTY WELLINGS,

      Defendants

TO:    DEFENDANTS APPALACHIAN ROYALTIES, INC., a West Virginia corporation; SARAH LYNN BAILEY, MARYBELLE CROSS, CHARLES J. HALL, JR., WILLIAM E. HALL, THOMAS M. PAUL, STEPHEN L. HALL, SHERRI D. HALL GOODWIN, BELINDA WENTZEL, TERRI HYRE, SUSAN J. CHILDERS, MELISSA S. CROSS, JAMES FELDMEIER, JOHN FELDMEIER, JOSEPH C. FELDMEIER, MARY JANE O'BRIEN, individually and in her capacity as trustee of THE ELLIS CHILDREN'S FUND, JANE HARDIN, in her capacity as trustee of the M. H. HOLLAND IRREVOCABLE TRUST, SUSAN HAMBLET, JUSTIN L. HENDERSON, MARY ANN LYFORD, ELINOR M. MAYER, KATHY L. NEWBERRY, THOMAS DAVIES, in his capacity as trustee of THE JOHN R. DAVIES TRUST, ROBERT S. RIELEY, MARGARET DOWLING, BRUCE P. HALL, RICHARD M. HALL, ROBERT D. HALL, ANDREA T. HALL, MARY FARR SECRIST, KATHYRN M. SISLER, MARY E. SUHEY, in her capacity as trustee of the LMSKAS TRUST, MARY M. WELCH, CHARLES WELLINGS, JR., and BETTY WELLINGS,

    c/o

    QUINN FINANCIAL MANAGEMENT, LLC,
    908 Duff Avenue
    Clarksburg, WV 26301
    Agent for the Heirs of Lewis Maxwell

    IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon **William J. Leon**, Plaintiff's attorney, whose address is **1200 Dorsey Ave., Suite III, Morgantown, WV 26501**, an answer including any related counterclaim you may have to the complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. **You are required to serve your answer within 30 days after service of this summons upon you**, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated: __1|21__, 2014.

                      CLERK OF CIRCUIT COURT

                      *Dwight E. Moore*

              By:_____
                      Deputy Clerk

*Notice: Any person involved in court proceedings who has a disability and needs a special accommodation should inform the court sufficiently in advance so that arrangements can be made.*

## IN THE CIRCUIT COURT OF DODDRIDGE COUNTY, WEST VIRGINIA

CHARLES P. HEASTER and PATSY J. HEASTER,
husband and wife;
MICHAEL P. HEASTER and  KEIKO A. HEASTER,
husband and wife;
MICHAEL P. HEASTER, Jr., and
CLARENCE B. CONNER, and DAWN E. CONNER,
husband and wife,

        Plaintiffs,

v.                                        Civil Action No. 14-C-__1____

EQT PRODUCTION COMPANY,
a Pennsylvania corporation;
APPALACHIAN ROYALTIES, INC.,
a West Virginia corporation;
SARAH LYNN BAILEY,
MARYBELLE CROSS,
CHARLES J HALL, JR.,
WILLIAM E HALL,
THOMAS M PAUL,
STEPHEN L HALL,
SHERRI D HALL GOODWIN,
BELINDA WENTZEL,
TERRI HYRE,
SUSAN J CHILDERS,
MELISSA S CROSS,
JAMES FELDMEIER,
JOHN FELDMEIER,
JOSEPH C. FELDMEIER,
MARY JANE O'BRIEN, individually and in
her capacity as trustee of THE ELLIS CHILDREN'S FUND,
JANE HARDIN, in her capacity as trustee of the
M. H. HOLLAND IRREVOCABLE TRUST,
SUSAN HAMBLET,
JUSTIN L. HENDERSON,
MARY ANN LYFORD,
ELINOR M. MAYER,
KATHY L. NEWBERRY,
THOMAS DAVIES,
in his capacity as trustee of THE JOHN R. DAVIES TRUST,
ROBERT S. RIELEY,
MARGARET DOWLING,
BRUCE P. HALL,

DODDRIDGE COUNTY
CIRCUIT COURT

JAN 17 2014

DWIGHT E. MOORE
CIRCUIT CLERK

William J. Leon, LC
1200 Dorsey Avenue
Suite III
Morgantown, WV 26501

1

RICHARD M. HALL,
ROBERT D. HALL,
ANDREA T. HALL,
MARY FARR SECRIST,
KATHYRN M. SISLER,
MARY E. SUHEY, in her capacity
as trustee of the LMSKAS TRUST,
MARY M. WELCH,
CHARLES WELLINGS, JR.,
and BETTY WELLINGS,

     Defendants

## COMPLAINT

Come now Plaintiffs, by their undersigned counsel, and for their Amended Complaint,

aver and state as follows.

## PARTIES

1.     Plaintiffs are residents of Doddridge County, West Virginia.

2.     Plaintiffs aver that Defendant EQT Production Company is a Pennsylvania

corporation with its principal place of business located in Pittsburgh, Pennsylvania.

3.     Defendant Appalachian Royalties, Inc. is a West Virginia corporation with its

principal place of business located in Clarksburg, Harrison County, West Virginia.

4.     On information and belief, Plaintiffs aver that Defendant Sarah Lynn Bailey is a

resident of Fairfax County, Virginia.

5.     On information and belief, Plaintiffs aver that Defendant Marybelle Cross is a

resident of Harrison County, West Virginia.

6.     On information and belief, Plaintiffs aver that Defendant Charles J. Hall, Jr. is a

resident of Harrison County, West Virginia.

7.     On information and belief, Plaintiffs aver that Defendant William E. Hall is a

resident of Johnston County, North Carolina.

8.    On information and belief, Plaintiffs aver that Defendant Thomas M. Hall is a resident of Sullivan County, Tennessee.

9.    On information and belief, Plaintiffs aver that Defendant Stephen L. Hall is a resident of Marion County, West Virginia.

10.    On information and belief, Plaintiffs aver that Defendant Sherri D. Hall Goodwin is a resident of Harrison County, West Virginia.

11.    On information and belief, Plaintiffs aver that Defendant Belinda Wenzel is a resident of Baldwin County, Alabama.

12.    On information and belief, Plaintiffs aver that Defendant Terri Hyer is a resident of Marion County, West Virginia.

13.    On information and belief, Plaintiffs aver that Defendant Susan J. Childers is a resident of Albemarle County, Virginia.

14.    On information and belief, Plaintiffs aver that Defendant Melissa S. Cross is a resident of Doddridge County, West Virginia.

15.    On information and belief, Plaintiffs aver that Defendant James Feldmeier is a resident of Los Angeles County, California.

16.    On information and belief, Plaintiffs aver that Defendant John Feldmeier is a resident of Orange County, California.

17.    On information and belief, Plaintiffs aver that Defendant Joseph C. Feldmeier is a resident of Los Angeles County, California.

18.    On information and belief, Plaintiffs aver that Defendant Mary Jane O'Brien, is the trustee of The Ellis Children's Fund, and further that she is a resident of Orange County, California.

19.     On information and belief, Plaintiffs aver that Jane Hardin is the trustee of the M. H. Holland Irrevocable Trust and further that she is a resident of Union County, New Jersey.

## GENERAL AVERMENTS

20.     That the interests in realty at issue in this litigation were among interests owned by Lewis M. Maxwell. Lewis M. Maxwell died on October 22, 1934.

21.     That after the death of Lewis M. Maxwell, partition proceedings were brought by the heirs of Lewis M. Maxwell in the Circuit Court of Doddridge County, West Virginia.

22.     That by order entered August 11, 1941, the interests in realty owned by Lewis M. Maxwell at the time of his death were allotted between and among his heirs at law. Said order is of record in the Doddridge County Clerk's office at Deed Book 103, page 185.

23.     That said order did award and allot a tract described as consisting of 936.93 acres situate on the waters of Arnold's Creek in West Union District, Doddridge County and identified in said order as Lot No. 6 to Hugh J. Maxwell, one of the heirs of law at Lewis M. Maxwell, deceased.

24.     That said order of partition and allotment further provided that there was reserved from all realty partitioned and allotted by said order all interests in oil and gas of which Lewis Maxwell died seized, wherever situated and further that said oil and gas interests were not partitioned but rather remained owned jointly and severally by the heirs of Lewis Maxwell in the percentages established by said order.

25.     After intervening conveyances, by deed dated May 7, 1989 and of record in the Doddridge County Clerk's office at Deed Book 209, page 188, Plaintiffs Charles P. and Patty Heaster, Plaintiffs Michael P. and Keiko Heaster, and Plaintiffs Clarence B. and Dawn Conner, each acquired an undivided interest in said 936.93 acre tract of realty allotted to Hugh Maxwell.

William J. Leon, LC
1200 Dorsey Avenue
Suite III
Morgantown, WV 26501

4

26. That the Defendants identified in Paragraphs 3 through 19 of the Complaint are the owners of the oil and gas estate located beneath Plaintiff's realty which reserved to the heirs of Lewis M. Maxwell said August 11, 1941 order of partition and allotment.

27. That by deed dated May 21, 2011 and of record in the Doddridge County Clerk's Office at Deed Book 292, page 446, Plaintiffs Michael and Keiko Heaster conveyed their one third undivided interest in said 936.93 acre tract to Plaintiff Michael Paul Heaster, Jr., reserving to themselves a life estate in said realty.

28. That Plaintiffs reside on said 936.93 acre tract of realty.

29. That on or about August 17, 1905, Lewis Maxwell and Sarah Maxwell entered into an oil and gas lease with D.P. Stout concerning 2654 acres of realty then owned by the Maxwells and located in West Union District, Doddridge County, West Virginia. Said lease is of record in the Doddridge County Clerk's office at Lease Book 23, page 69.

30. That on information and belief, the 936.93 acres of realty owned by Plaintiffs overlays a portion of the oil and gas leasehold created by the August 17, 1905 lease from Maxwell to Stout.

31. That Defendant EQT claims to be successor in interest to the lessee Stout under said August 17, 1905 oil and gas lease.

32. That in reliance on rights it claims under the August 1905 lease from Maxwell to Stout, Defendant EQT applied for and has received permits from the West Virginia Department of Environmental Protection to drill not less than five horizontal wells into the Marcellus Shale formation from a well pad generally referred to by EQT as the OFX 156 well site to be constructed adjacent to Plaintiffs' homes and on Plaintiffs 939.69 acre tract of realty.

William J. Leon, LC
1200 Dorsey Avenue
Suite III
Morgantown, WV 26501

## COUNT I
## (DECLARATORY AND INJUNCTIVE RELIEF)

33.    Plaintiffs restate the averments contained in Paragraphs 1 through 32 of Plaintiffs' Complaint.

34.    EQT claims it has a right to explore for oil and gas from the oil and gas estate owned by the heirs of Lewis Maxwell and located beneath the surface of Plaintiffs' 936.93 acre tract of realty pursuant to an oil and gas lease executed by Lewis Maxwell on August 17, 1905.

35.    That said oil and gas lease contains no provision describing the extent to which lessee can use the surface overlaying the leasehold created by said lease for purposes of exploring for and producing oil or gas from the leasehold.

35.    That ownership of the oil and gas estate located beneath Plaintiffs' 936.93 acres acre surface tract was severed from ownership of the surface by an order of partition and allotment entered by the Circuit Court of Doddridge County on August 11, 1941.

36.    That said order reserved to the owners of the oil and gas estate "the usual customary mining rights and privileges for the mining, removal and production and operation of [oil and gas]..." But otherwise contained no language specifying the extent to which the owner of the oil and gas estate could use the surface overlaying such oil and gas tract to explore for and produce oil and gas.

37.    That the exploration and production practices and techniques proposed to be used by Defendant EQT on Plaintiffs' 936.93 acre tract for production of gas from the Marcellus Shale formation were unknown in West Virginia, or anywhere in the United States, at the time Lewis Maxwell granted the 1905 oil and gas lease under which EQT claims the right to operate.

38.    That the exploration and production practices and techniques proposed to be used by Defendant EQT on Plaintiffs' 936.93 acre tract for production of gas from the Marcellus

Shale formation were unknown in West Virginia, or anywhere in the United States, at the time ownership of the oil and gas estate was severed from ownership of the surface estate now owned by Plaintiffs.

39.    That the exploration and production operations to be conducted by EQT on Plaintiffs' surface were not contemplated by the parties to either said oil and gas lease or said order of allotment.

Wherefore, pursuant to West Virginia Code §55-13-1, *et seq.* Plaintiffs request that the Court grant the following declarative relief:

a.    That the Court declare that the nature, extent and scope of the use of Plaintiffs' surface undertaken or contemplated by EQT to drill horizontal wells for production of oil or gas from the Marcellus Shale was not within the contemplation of the parties at the time of the granting of the August 1905 oil and gas lease upon which Defendant EQT relies;

b.    That the Court declare that the nature, extent and scope of the use of Plaintiffs' surface undertaken or contemplated by EQT to drill horizontal wells for production of oil or gas from the Marcellus Shale was not within the contemplation of the parties at the time ownership of Plaintiffs' surface was severed from ownership of the underlying oil and gas estate;

c.    That the Court permanently enjoin Defendant EQT from conducting operations on Plaintiffs' surface in excess of EQT right of surface use as determined by the Court.

Plaintiffs further request that they be awarded their costs and attorneys fees and such other and further relief as the Court deems appropriate.

## COUNT II
## (UNREASONABLE AND BURDENSOME SURFACE USE)

40.     Plaintiffs restate the averments contained in Paragraphs 1 through 32 of Plaintiffs' Complaint.

41.     Plaintiffs reside upon the 936.93 acre tract of realty at issue in this litigation.

42.     Defendant EQT's proposed operations on Plaintiffs' realty will be located in close proximity to Plaintiffs' residences.

43.     That Defendant EQT's proposed operations on Plaintiffs' surface are not reasonably necessary for the extraction of oil and gas from the leasehold created by the August 17, 1905 oil and gas lease under which EQT claims the right to operate.

44.     That Defendant EQT's proposed operations on Plaintiffs' surface will substantially burden Plaintiffs in their use and enjoyment of their realty.

Wherefore, Plaintiffs pray that judgment be entered in their favor and against Defendants; that the Court declare that Defendants have failed to establish the existence of an implied easement giving Defendant EQT the right to conduct operations on Plaintiffs' surface to explore for and produce oil and gas from the leasehold created by the August 1905 lease from Maxwell to Stout; that the Court permanently enjoin Defendants from exploring for and producing oil and gas on Plaintiffs' surface; that Plaintiffs be awarded their costs and attorneys fees; and for such other and further relief as the Court deems appropriate.

## COUNT III
## (TRESPASS)

45.     Plaintiffs restate the averments contained in Paragraphs 1 through 32 of Plaintiffs' Complaint.

46.     That Defendant EQT's use of Plaintiffs' surface in excess of the rights granted lessee in above referenced August 17, 1905 oil and gas lease and in excess of the rights of

surface use reserved to Defendant heirs of Lewis Maxwell and their successors in interest constitutes a trespass.

47.     That as a direct and proximate result of EQT's excessive surface use and trespass as described herein, Plaintiffs' have suffered and will continue to suffer damages including, but not limited to, loss of use; diminution in the value of Plaintiffs' realty; destruction of timber; costs to reclaim and remediate Plaintiffs' surface; annoyance and inconvenience.

Wherefore, Plaintiffs pray that judgment be entered in their favor and against Defendant EQT Production Corporation; that Plaintiffs be awarded such amounts as are sufficient to compensate them for the damages they have incurred and will incur as a result of the private nuisance created by Defendant EQT, its employees, agents and subcontractors; that Plaintiffs be awarded their costs and attorneys fees; and such other and further relief as the Court deems appropriate.

## COUNT IV
## (NUISANCE)

48.     Plaintiffs restate the averments contained in Paragraphs 1 through 32 of Plaintiffs' Complaint.

49.     That commencing in July 2009 and continuing to the present, Defendant EQT, its agents and subcontractors, have constructed roads, well pads and other infrastructure in furtherance of drilling and production operations on realty adjoining Plaintiffs' 936.93 acre tract of realty.

50.     That said operations of Defendant EQT, its employees, agents and subcontractors have repeatedly caused damage to roads traversed by Plaintiffs; have interfered with or denied Plaintiffs the use of roads necessary to access their respective homes; have conducted operations at night and on weekends; have removed water from streams traversing Plaintiffs' property

without Plaintiffs' permission; have deposited debris, waste and litter on Plaintiffs' property; and have otherwise engaged in conduct that unreasonably interferes with Plaintiffs' private use and enjoyment of their realty, all of which constitutes a private nuisance.

51.     That pursuant to permits issued by the West Virginia Department of Environmental Protection in November 2013, Defendant EQT, its agents and subcontractors have begun construction of access roads, well pads, impoundments and other infrastructure in furtherance of a well drilling program designated as the OFX 156 project.

52.     That Defendant EQT's operations in furtherance of the OFX 156 project will cause disturbance of approximately 50 acres of Plaintiffs' realty. Infrastructure related to the OFX 156 project will be constructed in the near vicinity of Plaintiffs' respective residences.

53.     That on information and belief, the operations of Defendant EQT, its employees, agents and subcontractors in constructing, drilling and operating the OFX 156 wells will damage roads traversed by Plaintiffs; will interfere with and/or deny Plaintiffs the use of roads necessary to access their respective homes; will involve operations at night and on weekends, and will involve other similar conduct that has and will unreasonably interfere with Plaintiffs' private use and enjoyment of their realty, all of which constitutes a private nuisance.

54.     That as a direct and proximate result of Defendant EQT's conduct, Plaintiffs have suffered and will continue to suffer damages, annoyance and inconvenience.

55.     That the conduct of Defendant EQT is grossly negligent and in willful, wanton and reckless disregard of Plaintiffs' rights of private use and quiet enjoyment of their realty so as to merit an award punitive damages.

Wherefore, Plaintiffs pray that judgment be entered in their favor and against Defendant EQT Production Corporation; that Plaintiffs be awarded such amounts as are sufficient to

William J. Leon, LC
1200 Dorsey Avenue
Suite III
Morgantown, WV 26501

compensate them for the damages they have incurred and will incur as a result of the private nuisance created by Defendant EQT, its employees, agents and subcontractors; that Plaintiffs be awarded punitive damages in an amount sufficient to deter Defendant EQT from engaging in similar wrongful conduct; that Plaintiffs be awarded their costs and attorneys fees; and such other and further relief as the Court deems appropriate.

### PLAINTIFFS REQUEST A TRIAL BY JURY

Charles P. Heaster, Patsy J. Heaster,
Michael P. Heaster Keiko A. Heaster,
Michael P. Heaster, Jr., Clarence B. Conner, and
Dawn E. Conner,
Plaintiffs, by Counsel,


William J. Leon
William J. Leon, LC
1200 Dorsey Ave., Suite III
Morgantown, WV 26501
304-554-3880

## CIVIL CASE INFORMATION STATEMENT
## CIVIL CASES

# IN THE CIRCUIT COURT OF DODDRIDGE  COUNTY, WEST VIRGINIA

I.      CASE STYLE:

CHARLES P. HEASTER and PATSY J.
HEASTER,
husband and wife;
MICHAEL  P.  HEASTER  and   KEIKO
A. HEASTER,
husband and wife;
MICHAEL P. HEASTER, JUNIOR., and
CLARENCE B. CONNER, and DAWN
E. CONNER,
husband and wife,

Plaintiff(s)

C/o William J. Leon
W.Va. Bar I.D. #2182
William J. Leon, L.C.
1200 Dorsey Ave., Suite III
Morgantown, WV 26501
304-554-3880

DODDRIDGE COUNTY
CIRCUIT COURT

JAN 17 2014

DWIGHT E. MOORE
CIRCUIT CLERK

v.                                    Case # 14-C-___/_____

| Defendant(s) | Days to Answer | Type of Service |
|---|---|---|
| EQT PRODUCTION COMPANY c/o Ct Corporation System 5400 D Big Tyler Road Charleston, Wv, 25313 | 30 | Secretary of State |
| APPALACHIAN ROYALTIES, INC., SARAH LYNN BAILEY, MARYBELLE CROSS, CHARLES J. HALL, JR., WILLIAM E. HALL, THOMAS M. PAUL, STEPHEN L. HALL, SHERRI D. HALL GOODWIN, BELINDA WENTZEL, | 20 | Personal |

/

TERRI HYRE,
SUSAN J. CHILDERS,
MELISSA S. CROSS,
JAMES FELDMEIER,
JOHN FELDMEIER,
JOSEPH C. FELDMEIER,
MARY JANE O'BRIEN,
JANE HARDIN,
M.  H.  HOLLAND   IRREVOCABLE
TRUST,
SUSAN HAMBLET,
JUSTIN L. HENDERSON,
MARY ANN LYFORD,
ELINOR M. MAYER,
KATHY L. NEWBERRY,
THOMAS DAVIES,
THE JOHN R. DAVIES TRUST,
ROBERT S. RIELEY,
MARGARET DOWLING,
BRUCE P. HALL,
RICHARD M. HALL,
ROBERT D. HALL,
ANDREA T. HALL,
MARY FARR SECRIST,
KATHYRN M. SISLER,
MARY E. SUHEY,
MARY M. WELCH,
CHARLES WELLINGS, JR.,
and BETTY WELLINGS,

c/o  Quinn Financial Management, LLC
     908 Duff Avenue
     Clarksburg, WV 26301

Original and 1 copy of Complaint furnished herewith.

| PLAINTIFF: Charles P Heaster, et al. | CASE NUMBER:  14-C- 1 |
| DEFENDANT: EQT Production Company, et al. | |

II.     TYPE OF CASE:

| TORTS | OTHER | CIVIL |
|---|---|---|
| Asbestos | Adoption | Appeal from Magistrate Court |
| Professional Malpractice | Contract | Petition for Modification of Magistrate Sentence |
| Personal Injury | ☒ Real Property | Miscellaneous Civil |
| Product Liability | Mental Health | Other |
| Other Tort | Appeal of Administrative Agency | |

III.    JURY DEMAND:  _X_ Yes       ___ No

        CASE WILL BE READY FOR TRIAL BY (month/year): _____

IV.     DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE
        REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY OR
        AGE? _____ Yes __X__No. IF YES, PLEASE SPECIFY:

        _____ Wheelchair accessible hearing room and other facilities
        _____ Interpreter or other auxiliary aid for the hearing impaired
        _____ Read or other auxiliary aid for the visually impaired
        _____ Spokesperson or other auxiliary aid for the speech impaired
        _____ Other: _____

| Attorney Name:  William J. Leon | Representing: ☒ Plaintiff  ☐ Defendant |
| Firm:  William J. Leon LC | _____ Cross Complainant  _____ Cross Defendant |
| Address: 1200 Dorsey Ave., Suite III Morgantown, WV 26501 | Dated: January 16, 2014 |
| Telephone:  304-554-3880 | _Signature_ |